# IN THE COURT OF APPEALS OF IOWA

No. 18-2176
Filed April 29, 2020

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**CHARAE MONIQUE MILLER,**
    Defendant-Appellant.

_____

Appeal from the Iowa District Court for Polk County, Jeanie Vaudt, Judge.

Charae Miller appeals multiple criminal convictions. **AFFIRMED.**

Andrew C. Abbott of Abbott Law Office, P.C., Waterloo, for appellant.

Thomas J. Miller, Attorney General, and Sharon K. Hall, Assistant Attorney General, for appellee.

Considered by Tabor, P.J., and Mullins and Schumacher, JJ.

**MULLINS, Judge.**

Charae Miller appeals her convictions of two counts of forgery, one count of third-degree theft, and one count of identity theft. She argues no direct evidence supports that she possessed or uttered.

In August 2017, Miller was an employee of a hotel in Des Moines. On August 23, a member of a bank cashed checks of two non-members in the amounts of $541.34 and $118.00. The checks were final paychecks made payable to former employees of the same hotel that employed Miller. The endorsement on the back of the checks showed each was "Pay to order of Charae M[illegible]" and showed signatures purporting to be by each payee. The bank employee who handled the transaction via the drive-up window complied with the bank's identification policy. The person presenting the checks on August 23 was a member of the bank and provided an Iowa driver's license and social security card. The license number and last three digits of the social security number matched both forms of identification for Miller.[1]

When one of the former hotel employees attempted to obtain the final paycheck in person from the hotel, it could not be located. A manager was alerted, and the corporate office was notified to send another check. The manager reviewed security footage from the hotel and alerted the law enforcement. The manager and a detective reviewed the surveillance footage separately, and both concluded that Miller removed the checks from their storage place in a cash drawer

---

[1] The bank employee noted the last three digits of the social security number, instead of the last four, by accident. Regardless of the mistake, the digits matched Miller's social security number.

and failed to put them back. Miller was charged with two counts of fraud, one count of third-degree theft, and one count of identity theft. A jury trial was held in October 2018. Miller was found guilty on all counts. Miller appeals, challenging the sufficiency of the evidence.

"Sufficiency of the evidence claims are reviewed for correction of errors at law." *State v. Lilly*, 930 N.W.2d 293, 298 (Iowa 2019). "We review the evidence in the light most favorable to the State, including legitimate inferences and presumptions that may fairly and reasonably be deduced from the evidence in the record." *State v. Webb*, 648 N.W.2d 72, 76 (Iowa 2002). We will uphold a verdict if supported by substantial evidence. *Lilly*, 930 N.W.2d at 298. "Evidence can be either circumstantial or direct, or both. Evidence is substantial if a reasonable trier of fact would be convinced that the defendant is guilty beyond a reasonable doubt." *Id.* (internal citation omitted). "Evidence which merely raises suspicion, speculation, or conjecture is insufficient." *State v. Casady*, 491 N.W.2d 782, 787 (Iowa 1992).

On appeal, Miller argues generally that the State relied entirely on circumstantial evidence, which she alleges cannot support a conviction, specifically targeting the possession and uttering elements. She attacks only one short portion of testimony from the manager of the hotel. During trial, the manager testified that several people had access to the cash drawer where the checks were stored. Miller argues the open access to the drawer combined with the lack of direct evidence on the identity of the person who possessed and uttered the checks should not have led to her conviction.

The State argues sufficient evidence was presented for conviction on all counts and asks this court to consider only the arguments Miller raised regarding the possession and uttering elements of forgery, arguing Miller waived the theft and identity offenses.

We address the State's waiver argument first. The State relies on Iowa Rule of Appellate Procedure 6.903(2)(g)(3), stating an appellant's brief must contain an argument section with "the appellant's contentions and the reasons for them with citations to the authorities relied on and references to the pertinent parts of the record in accordance with rule 6.904(4). Failure to cite authority in support of an issue may be deemed waiver of that issue." We agree with the State that Miller targets only the possession and uttering elements of the crimes in her brief and argues that only circumstantial evidence was presented. Accordingly, because only the possession and uttering elements have been briefed in compliance with rule 6.903(2)(g)(3), we only address those elements.

Miller was convicted of two counts of forgery and one count of theft in the third degree. All three charges required the jury to find Miller was the person who uttered the checks in question. The jury was instructed "a person utters a writing when he offers it to another and represents it is genuine."

The evidence presented at trial included surveillance footage showing Miller removing items the same size, color, and shape as the checks from the cash drawer. Testimony from both the hotel manager and detective verified the contents of the surveillance footage including the identity of Miller, the location of the cash drawer, and the placement of the paychecks in the drawer. The bank teller who assisted Miller in the drive-up lane also testified she was the teller who cashed the

checks and she complied with bank procedures concerning member identification. The forms of identification used in the transaction matched both the driver's license number and final three digits of the social security number belonging to Miller. Furthermore, the evidence included copies of the checks in question. Both checks were paid to the order of "Charae M[illegible]." Both former hotel employees testified the third party endorsements and their signatures on the checks were forged.

The jury was properly instructed that: "'Direct evidence' is evidence from a witness who claims actual knowledge of a fact, such as an eyewitness. 'Circumstantial evidence' is evidence about a chain of facts which show a Defendant is guilty or not guilty. The law makes no distinction between direct evidence and circumstantial evidence." *Accord Lilly*, 930 N.W.2d at 298. Based on our review of the record, we find the evidence presented at trial was substantial. The evidence was sufficient to convince a reasonable trier of fact beyond a reasonable doubt of Miller's guilt. *See id.* We affirm Miller's criminal convictions.

**AFFIRMED.**